VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.

---

In the Matter of the Application of OSCAR H. GOODMAN, Respondent, to Strike from the List or Registry of Voters, etc., the Name of HENRY W. BAINTON, Appellant.

84   53
84  611
84   53
146a 284

*Residence at a seminary of learning — right to vote there.*

The Constitution of the State of New York forbids the acquisition by a student, of a residence at a seminary of learning, for the purpose of voting.

APPEAL by Henry W. Bainton from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of November, 1894, granting the respondent's motion to strike the name of the appellant from the list or registry of voters of the twenty-fifth election district of the twenty-first Assembly district, and directing the inspectors of election to reconvene for that purpose.

*Thomas F. Wentworth*, for the appellant.

*Charles H. Knox* and *Louis H. Hahlo*, for the respondent.

PER CURIAM:

Henry W. Bainton registered from No. 41 East Sixty-ninth street, a seminary of learning, known as the " Union Theological Seminary."

He had occupied the same apartment for more than one year, and had no other domicile. He was born in the city of New York, but in another Assembly district than that in which the seminary was situated.

His father died in 1890, since which time the building in which his father lived has been demolished. The motion to strike his name from the registry was made on the ground that the Constitution forbids the acquisition by a student of a residence, for the purpose of voting, at a seminary of learning.

It reads as follows: " For the purpose of voting, no person shall be deemed to have gained or lost a residence by reason of his presence or absence while employed in the service of the United States; nor while engaged in the navigation of the waters of this State, or of the United States, or of the high seas; nor while a student of any seminary of learning; nor while kept at any alms-house, or other asylum at public expense; nor while confined in any public prison." (Art. 2, § 3.)

The learned judge reached the conclusion that Bainton did not gain a residence while a student at the ' "Union Theological Seminary."

That his decision was right seems to be so clearly written in the Constitution as not to warrant any discussion of the subject. However, it should be said that the assurance, which to some can only come from final judicial decision, is afforded by *Silvey* v. *Lindsay* (107 N. Y. 55).

The order should be affirmed.

Present — Van Brunt, P. J., O'Brien and Parker, JJ.

Order affirmed.